

**FILED**
**Feb 23, 2026**
**09:24 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT MEMPHIS

| | | |
|---|---|---|
| **BREEAHNA BRITT,** | ) | **Docket No. 2022-08-1404** |
| **Employee,** | ) | |
| **v.** | ) | |
| **CENTER FOR YOUTH MINISTRY** | ) | |
| **TRAINING,** | ) | **State File No. 19946-2022** |
| **Employer,** | ) | |
| **and** | ) | |
| **ACCIDENT FUND GENERAL** | ) | |
| **INSURANCE CO.,** | ) | |
| **Carrier.** | ) | **Judge Shaterra R. Marion** |

---

## EXPEDITED HEARING ORDER

---

The Court held an expedited hearing on Ms. Britt's request for medical benefits for a head, neck, and upper-body injury. She claimed Center for Youth Ministry Training did not offer her a panel when she relocated to Colorado. She specifically requested her unauthorized physical therapist be appointed her authorized treating physician.

At first, Center for Youth Ministry Training argued that it did give her a valid panel. However, during the expedited hearing, it acknowledged it did not and offered her a panel of Colorado neurologists. Still, she wished to proceed with the hearing.

The Court holds that Ms. Britt is entitled to a panel of neurologists.

### History of Claim

On March 14, 2022, a power tool struck Ms. Britt on the head. She went to the emergency room and underwent a head CT scan, which was negative.

She selected Dr. Lloyd Robinson from a panel. Dr. Robinson diagnosed a head contusion and neck sprain. He referred her to physical therapy and assigned restrictions.

She returned to the emergency room after developing numbness in her hand. A cervical CT came back normal.

She next chose neurologist Rance Wilbourn from a panel. She had daily headaches. He recommended additional physical therapy and an EMG/nerve-conduction study, which came back normal.

Ms. Britt then moved to Colorado. She testified that her nurse case manager directed her to see Dr. Carol Dombro, a doctor there who is not a neurologist. While treating, she requested a Colorado panel, which she received in September 2022 but was told that she would be responsible for care outside of Dr. Dombro. She did not sign the panel.

She eventually saw Colorado physician Dr. John Sacha. He diagnosed cervical facet syndrome, a head contusion, occipital neuralgia, and whiplash-associated disorder, with no evidence of a closed-head injury. He placed Ms. Britt at maximum medical improvement.

Ms. Britt testified that she saw multiple unauthorized doctors after Dr. Sacha released her, but she has not treated with a neurologist. She requested to have physical therapist David Bruton named as her authorized treating physician.

### Findings of Fact and Conclusions of Law

Ms. Britt has the burden of proving she is likely to prevail at a hearing on the merits for her request for benefits. Tenn. Code Ann. § 50-6-239(c)(6) (2025); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Employers must provide a panel of physicians when an injured employee expresses a need for medical care. *Id*. § 204(a)(3)(A). Employers must offer a new panel when an employee changes her community of residence and requests a new panel in writing. *Id.* § 50-6-204(a)(3)(F).

An employer may direct an injured worker to an employer-sponsored medical provider. Tenn. Comp. R. & Regs. 0800-02-01-.06(4) (2023). However, an employer-directed provider does not replace a panel or relieve the employer of its obligation to provide a panel of physicians. *Hawes v. McLane Co.*, 2021 TN Wrk. Comp. App. Bd. LEXIS 30, at *9 (Aug. 25, 2021).

Additionally, "[a]n employer who denies liability for a compensable injury is in no position to insist upon the statutory provisions respecting the choosing of physicians" when determining if an employee may continue treating with her unauthorized physician. *Hagan v. Potomac Corp.*, 2022 TN Wrk. Comp. App. Bd. LEXIS 5, at *10 (Feb. 9, 2022). A relevant consideration is "whether the employee established a doctor/patient relationship

with a physician of the employee's choice following the employer's denial of the claim." *Id.*

Neurologist Dr. Wilbourn is the last properly-paneled physician who treated Ms. Britt before she moved to Colorado. She testified that she has not treated with a neurologist in Colorado. She requests to treat with Mr. Bruton, a physical therapist. An employee *may* be allowed to choose her own doctor, but she has not shown a doctor/patient relationship with a *physician*, specifically a neurologist. Therefore, her request to have Mr. Bruton named as her authorized treating physician is denied. However, Ms. Britt is entitled to a Colorado panel of neurologists.

*Penalty Referral*

An employer may be penalized if it fails to timely offer a panel of physicians. *Id.* § 50-6-118(9). As stated, an employer must provide a panel when an employee changes her community of residence and requests a new panel in writing. *Id.* § 50-6-204(a)(3)(F).

When Ms. Britt requested a Colorado panel of physicians, Center for Youth Ministry Training directed her to Dr. Dombro, who is not a neurologist, and told her she would have to pay for her own treatment otherwise. The Court finds that this is not a valid panel.

Center for Youth Ministry Training offered a panel during the expedited hearing. However, she was entitled to a valid panel in May 2022, almost four years earlier. The Court refers Center for Youth Ministry Training to the compliance program for assessment of penalties under section 50-6-118(9).

**IT IS THEREFORE ORDERED** as follows:

1. Ms. Britt's request for Dr. David Bruton to be her authorized treating physician for her work injury is denied.

2. Center for Youth Ministry Training shall provide Ms. Britt a panel of neurologists in her Colorado community of residence. Her selection will become the authorized treating physician.

3. The Court refers Center for Youth Ministry Training for penalties for violation of Tennessee Code Annotated section 50-6-118(9).

4. The Court sets a status conference for **April 20, 2026, at 10:15 a.m. Central Time.** The parties must call (866) 943-0014 to participate. Failure to call might result in a determination of the issues without the party's participation.

5. Unless interlocutory appeal of this Expedited Hearing Order is filed, compliance with this Order must occur by seven business days of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3).

**ENTERED February 23, 2026.**



_____
**Judge Shaterra R. Marion**
**Court of Workers' Compensation Claims**


## APPENDIX

Exhibits:
1. Medical Records filed by Ms. Britt
2. Medical Records filed by Center for Youth Ministry Training
3. Affidavit of Ms. Britt
4. *[For Identification Only]* First Report of Injury
5. Affidavit of Ms. Bird
6. Letter of Ms. Britt's Relocation to Memphis
7. Ms. Britt's Job Description
8. Email Chain with most recent email dated June 11, 2021, from Philip Walkley
9. *[For Identification Only]* Tuition Invoice
10. *[For Identification Only]* Check History Summary Report
11. *[For Identification Only]* Check Stubs
12. *[For Identification Only]* Proof of Medical Insurance
13. Long Form Petition for Benefit Determination
14. Unsigned Panel from Center for Youth Ministry Training
15. Medical Records – Work Status Reports and Touchstone Imaging
16. Email Chain with most recent email dated September 14, 2022, from Ashley Pinckney

## CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as indicated on February 23, 2026.

| Name | Mail | Email | Sent to |
|---|---|---|---|
| ███████, Employee | X | X | ██████████████ ██████████████ |
| Gordon Aulgur, Employer's Attorney | | X | gordon.aulgur@AFgroup.com christine.spear@AFgroup.com |
| Compliance Program | | X | WCCompliance.Program@tn.gov |

_____Penny Shrum_____
**Penny Shrum**
**Clerk, Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the
Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-
stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____        ☐ Motion Order filed on _____

☐ Compensation Order filed on_____        ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee
Appellee's Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____
*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*